**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

RANDALL CLARK,

                Plaintiff,

v.

32 SPORTS.INC

MATT LAWRENCE

JAMES LAWRENCE

DUSTIN HIBBERT

DAMON HIBBERT

GROTON POLICE DEPARTMENT

OFFICER ANDREW COLLINS

OFFICER POTTER

                Defendant.

Civil Action No.

**VERIFIED COMPLAINT**

1. Plaintiff Randall Clark files this Verified Complaint against Defendants Matt Lawrence ("Matt"), James Lawrence ("James"), 32 Sports Inc (("32"), Dustin Hibbert ("Dustin") and Damon Hibbert ("Damon") Plaintiff alleges as follows.

2.  On or about May 11, 2024, the Defendant, 32 Sports Inc., along with its representatives, Defendants Matt and James, organized and held a sporting event at Pequannock Park in Groton, Connecticut.

3.  The event was conducted without the required security measures, including designated police details and ambulance services, in violation of Connecticut laws and regulations governing public sporting events.

4.  Defendants Matt Lawrence, James Lawrence, and 32 Sports Inc. negligently failed to properly supervise their employee, Dustin Hibbert, and their player, his younger brother, Damon Hibbert, whom they brought to the park as a participant.

5.  Due to the defendants' lack of oversight and failure to maintain proper conduct, unsportsmanlike behavior ensued, culminating in defendants Dustin and Damon assaulting the Plaintiff with closed fists and feet upon his face and lower body

6.  Following their loss in a game of flag football, Damon and Dustin physically assaulted Plaintiff, Randall Clark, causing him significant physical and emotional harm.

7.  Defendants' failure to provide adequate supervision and maintain a safe environment directly contributed to the Plaintiff's injuries.

8.  The defendants, Matt, James, and 32 Sports Inc., permitted the service of alcoholic beverages at their youth flag football game on the day plaintiff was assaulted on May 11, 2024.

9.  The defendants, Matt, James, and 32 Sports Inc., decision to serve alcoholic beverages contributed to the assault on the participant, attendee the plaintiff.

10. Defendant Dustin Hibbert, acting within his role as a coach, was incited by his younger brother, Damon Hibbert, to assault the Plaintiff following their team's second consecutive loss to the Plaintiff's son's team in a flag football game.

11. Defendants Matt Lawrence, James Lawrence, and the staff of 32 Sports Inc. neglected to intervene as Damon Hibbert verbally abused players, staff, and others participants, using profanity and challenging adults to fights.

12. The situation escalated when the Plaintiff attempted to defuse the tension by telling Damon Hibbert that the loss was not serious. However, after losing to the Plaintiff's son's team, which the Plaintiff was cheering for, the Plaintiff became a target.

13. As the Plaintiff's son's team celebrated their victory, Defendant Damon Hibbert became irate.

14. Without provocation or justification, Defendant Dustin Hibbert struck the Plaintiff in the face, causing a concussion and other physical and emotional injuries. His attack was solely motivated by his younger brother's distress over the loss.

15. Defendant Dustin Hibbert's unprovoked assault caused significant physical and emotional harm to the Plaintiff, who had no prior interaction or dispute with him that could justify such aggression. See Exhibit 1.

16. Defendant Damon also struck the plaintiff in the body with a closet fist and foot and followed the plaintiff around the field while plaintiff was looking for his 15 year old son that he had got separated from when the assault took place.

17. Defendants 32 Sports Inc., James Lawrence, and Matt Lawrence failed in their duty to ensure the safety of the Plaintiff and the public. Their negligence included inadequate training and oversight of their employee, Dustin Hibbert.

18. As event organizers, Matt and James did not provide sufficient security measures, such as law enforcement officers, paramedics, or an ambulance, despite the large crowd. This lack of basic safety protocols left attendees, including the Plaintiff, vulnerable to harm.

19. Defendants 32 Sports Inc., James Lawrence, and Matt Lawrence are responsible for the actions of their players, including Damon Hibbert, their employee, Dustin Hibbert.

20. Defendant Dustin Hibbert's misconduct occurred during the event in his capacity as a coach for 32 Sports Inc., while Defendant Damon Hibbert's misconduct occurred in his capacity as a player for the same organization.

21. The negligence of 32 Sports Inc., James Lawrence, and Matt Lawrence in supervising, managing, and adequately training their employee, Dustin Hibbert, and player, Damon Hibbert, directly contributed to the incident, rendering them liable for the harm inflicted on the Plaintiff. This failure to ensure a safe environment reflects systemic operational deficiencies and a reckless disregard for the well-being of attendees and adherence to legal obligations.

22. Defendants Matt Lawrence, James Lawrence, 32 Sports Inc., and Dustin Hibbert, through their collective actions and inactions, caused a series of preventable harms to Plaintiff, Randall Clark. Their failure to establish a safe environment, provide adequate training for employees, and implement necessary safety measures demonstrates a consistent pattern of negligence, for which they are jointly and severally liable.

23. Furthermore, Defendants Matt Lawrence, James Lawrence, 32 Sports Inc., and Dustin Hibbert publicly claim in multiple online videos that 32 Sports Inc. is dedicated to fostering safe youth recreational football and cheerleading while promoting

4

sportsmanship and respect. However, their actions contradict these statements, as they failed to uphold these principles in practice.

24. In the context of this incident, the Defendants' Matt, James and 32 sports Inc.,  failure to ensure a safe environment and adequate train their staff, players or participants constitutes a neglect of the general duty of care expected in youth sports settings. While legal requirements may vary, the fundamental expectation remains that organizations take reasonable steps to protect all participants and attendees, an obligation the Defendants failed to fulfill.

## PARTIES

25. Plaintiff Randall Clark ("Plaintiff") is a resident of Massachusetts and Middlesex County.

26. Defendant **32 Sports Inc.** ('32') is a sports training company located at 73 Union Street, Manchester, Connecticut, 06042-1901, owned and operated by James Lawrence and Matt Lawrence.

27. Defendant James **Lawrence** ("James") is the co-owner of 32 Sports Inc., with a well-known residential address of 73 Union Street, Manchester, Connecticut, 06042-1901.

28. Defendant Matt Lawrence ("Matt") is the co-owner of 32 Sports Inc., with a known residential address of 73 Union Street, Manchester, Connecticut, 06042-1901.

29. Defendant Dustin Hibbert "Dustin") is a coach affiliated with 32 Sports Inc. and has known James and Matt Lawrence for over two years. He is a resident of Connecticut.

30. Defendant Damon Hibbert ("Damon") is a player for 32 Sports Inc. and is a resident of Connecticut.

31. Defendant Groton Police Department is located at 68 Groton Long Point Road, Groton, Connecticut, 06340.

32. Defendant Andrew Collins (or "Andrew") is a police officer with the Groton Police Department located at 68 Groton Long Point Road, Groton, Connecticut, 06340.

33. Defendant Potters is a police officer with the Groton Police Department located at 68 Groton Long Point Road, Groton, Connecticut, 06340 his first name is not known at this time.

**JURISDICTION AND VENUE**

34. This Court has jurisdiction pursuant to **28 U.S.C. § 1332(a)** (diversity jurisdiction) because:

a. The Plaintiff is a citizen of the Commonwealth of Massachusetts;

b. All Defendants—32 Sports Inc., Matt, James, Damon and Dustin—are citizens of the State of Connecticut; and

c. The amount in controversy exceeds $75,000, exclusive of interest and costs.

35. Venue is proper in this judicial district under **28 U.S.C. § 1391(b)** because:

a. A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this district, defendants 32 Sports Inc. and Matt and James advertised in Massachusetts for the event in Connecticut and plaintiff travelled to the sporting event.

b. The Plaintiff resides in this district of Massachusetts and has experienced harm here as a result of the Defendants' advertisement in Massachusetts and their conduct.

36. This Court has personal jurisdiction over the Defendants because they purposefully availed themselves of the privileges of conducting business or activities in the State of Massachusetts, their actions giving rise to this suit have caused harm to the plaintiff who resides in the state.

## FACTUAL BACKGROUND

37. In 2024, 32 Sports Inc. organized several notable events that garnered the plaintiff's

    attention and trust:

    **"Spotlight" Leadership Symposium**: This event was designed to inspire the next
    generation of young minds, focusing on leadership development.

    **National Team 7v7 Invitational**: Held on December 1, 2024, this invitational
    showcased elite talent in a 7-on-7 football format.

    Additionally, 32 Sports Inc. continued its dedication to empowering young athletes
    through flag football programs and elite athletic training across New England.

    The plaintiff believed these initiatives demonstrated 32 Sports Inc.'s commitment to
    youth development and athletic excellence, leading to a foundation of trust between the
    parties.

38. On or about May 11,2024, Plaintiff and his teenage son was lawfully present at

    Poquonnock Plains Park to at a Flag Football event put on by Defendants Matt Lawrence,

    James Lawrence, 32 Sports Inc.

39. Defendants Matt Lawrence, James Lawrence, and 32 Sports Inc. failed to provide

    required security, ambulance services, or other necessary safety measures as mandated by

    Connecticut law. Specifically, **Public Act No. 21-92** requires athletic event organizers to

    implement emergency action plans, including ensuring the presence of properly trained

    personnel and emergency medical resources. Defendants' failure to comply with these

    legal requirements directly contributed to the unsafe conditions that led to the Plaintiff's

    harm.

40. The plaintiff is a farther of 4 and his oldest daughter is a student in Howard University.

41. On or about May 11,2024 Plaintiff took his son and his friend to Matt, James and 32 Sports Inc. event in Groton Connecticut to a flag football game as they are athletes.

42. Plaintiffs 15-year-old sons team won 2 games against Matt and James 32 sports Inc. team the opposing team.

43. Defendants Matt , James , , 32 Sports Inc. team, along with Defendant Dustin , his younger brother, Damon became upset after suffering their second loss to the Plaintiff's team.

44. Damon Hibbert, in particular, was visibly frustrated over losing what was merely a recreational flag football game as he was cussing and stated he wanted to fight.

45. As the Plaintiff, was attempting to gather my son's team for a post-game handshake in accordance with good sportsmanship rules before proceeding to the championship rounds, where we had the opportunity to compete for a trophy and Super Bowl rings.

46. Defendant Dustin Hibbert Without any provocation, approached me from behind and struck me in the face with a closed fist, catching me completely off guard. (See Video Exhibit 1.)

47. As shown in Exhibit 1 (Film Evidence), Defendant Dustin Hibbert, who is approximately **6 feet 3 inches tall and nearly 300 pounds**, is seen coming from behind and delivering an unprovoked blow to the Plaintiff's face who is significantly smaller than Dustin.

48. As the film shows the plaintiff was organizing his son's football team and while trying to defuse a hostile situation with an opposing player Damon Hibbert and was caught off guard.

49. The Plaintiff, though dazed and disoriented from the assault, was able to walk away from the incident in an attempt to seek out either James, Matt, Lawrence or a police,

8

ambulance or the facilitators of the event, law enforcement, or another authority figure. someone that could help.

50. The plaintiff could not find anyone of authority  to help him at all and started trying to make it to my vehicle for shelter while still looking for my son.

51. Plaintiff suffered a concussion and other medical treatments.

52. Plaintiff medical bills are extremely high due to the assault.

53. Plaintiff was due to start a new job the next week and was unable to because of the concussion and dizzy spells and nightmares of a crowd attacking him.

54. Plaintiff has suffered irreparable harm.

55. Plaintiff's 15-year-old son was scared after seeing his farther get attacked and lost contact with me the plaintiff.

56. Defendant Dustin Hibbert and Damond and a crowd of 5-10 men started following plaintiff threating me with more bodily harm.

57. Defendant Dustin Hibbert and Damond again assaulted the plaintiff as I was trying to find my son and then make it too my car, with closed fist and feet.

58. Several individuals pulled defendant Dustin off the plaintiff and told Dustin not here and not now and this is not the place.

59. Defendant Damon the player picked up a stick and followed me the plaintiff and attempted to hit me with the stick. He was yelling curse words as he followed and swung the stick at me several times which hit me once in the arm.

60. After Defendant Dustin and Damond Hibbert assaulted the plaintiff, he exacerbated the situation by falsely yelling, "He has a gun!" This statement, akin to shouting "fire" in a crowded theater, incited panic among the crowd of over 600 attendees.

61. As a result, a chaotic and dangerous atmosphere ensued, leading to widespread fear and disruption. This false claim not only endangered the public but also unfairly attempted to cast blame on the Plaintiff, creating additional distress and reputational harm.

62. The defendants Dustin and Damond yelled that the plaintiff had guns to cover up their assault on the plaintiff.

63. Plaintiff received videos of the incident from his son's team of when the defendant Dustin walked behind him and assaulted him with a closed fist, which I will make available to the court and defendants.

64. No one from 32 Sports Inc. Matt , James or any organizer came to plaintiff aid.

65. Plaintiff was never in possession of any firearms.

66. After the defendant Dustin assaulted the plaintiff, my 15 year old son was separated.

67. As the plaintiff walked around looking for my son, defendants Damon and Dustin and a group of individuals followed the plaintiff trying to get close enough to assault me again.

68. The defendants Damon and Dustin assaulted the plaintiff several times with closed fist and their feet striking the plaintiff in my body.

69. The plaintiff got in his car and started driving around looking for his son.

70. When the plaintiff found his son and his son's friend they got in the car and started to drive off to go to the police station to make a report.

71. Soon after The police pulled guns out and ordered the plaintiff out of the vehicle and to lay down on the pavement and plaintiff did so. See Video Exhibit 1.

72. The Police stated that the plaintiff had assaulted several people and had two guns and was shooting in the Park.

73. The Connecticut Police and officer Andrew Collins failed to do a proper investigation and arrested plaintiff for assault and battery and carrying a firearm.

74. Plaintiff informed the police officers that he was the one assaulted.

75. Plaintiff was accused of firing shots at several people. The Connecticut polices officer Andrew Collins informed the plaintiff of this.

76. The plaintiff was scared for his son and sons' friends' life.

77. Plaintiff knew no one at the football game but his son's team and coaches who had dispersed.

78. The defendant Dustin informed police that the plaintiff pulled out two guns on the field and was shooting.

79. The Defendant Dustin also informed the police after the police asked him if he had assaulted the plaintiff that he did.

80. Defendant Dustin told the police he assaulted me to keep me from shooting into the crowed after I fired several shots.

81. The Newspapers and online reporters reported that several shots had been fired, the next day they clarified that no shots were fired in the following days.

82. As a result of Defendant's Dustin false claims Plaintiff was charged with second-degree breach of peace, risk of injury to minor, first-degree threatening, first-degree reckless endangerment, carrying a firearm with intent to display and carrying a firearm without a permit. Police said Clark's bond was set at $20,000.

83. Defendant Dustin  was also arrested and charged with second-degree breach of peace and risk of injury to minors with a bond set at $2,500 and his case was dismissed.

84. Defendant Damon was never charged with assault or anything.

85. Defendant Dustin and Damon fabricated a false narrative to law enforcement, claiming that Plaintiff assaulted Defendant Dustin and was in possession of a firearm and I fired shots.

86. Based on Defendant's Dustin , Damon, 32 Sport Inc. employees' false statements, Plaintiff was arrested, interrogated, and charged with multiple felonies, despite the absence of any firearm at the scene.

87. The plaintiff maintained various sports equipment in his vehicle, as his sons are athletes including a paint gun which the police stated was a gun.

## GROTON POLICE MISCONDUCT

88. An unknown police and Andrew and Potters asked plaintiff was their any firearms in my possession , I the plaintiff stated, "no but ther is a paint gun in the back of plaintiff truck along with paint gun equipment and other sports equipment".

89. Following the unprovoked assault by Defendant Dustin and Damon Hibbert, unknown Groton police officer falsely arrested the Plaintiff for possession of a firearm, assault and battery and discharge of a firearm other charges without just cause.

90. The unknown Groton police officers and Andrew and Potters instead of taking appropriate action (Investigating) against the actual aggressor, the police wrongfully detained the Plaintiff, despite clear evidence and numerous witnesses supporting his innocence.

91. In addition to the wrongful arrest, the Groton police possession of a firearm, despite the fact that the Plaintiff never possessed, carried, discharge of a firearm or had access to any

firearm at the event or at any other relevant time not even the paint ball gun that was found in the rear of plaintiffs SUV.

92. These false charges were brought without any credible evidence, constituting malicious prosecution and abuse of process.

93. An unknown police informed me that Matt and James are affiliated with the NFL Baltimore Ravens and residents of Connecticut.

94. Groton Police officers Andrew and Potter involved in the arrest engaged in misconduct, including fabricating charges, failing to conduct a proper investigation, and disregarding exculpatory evidence including officer Potters and Andrew Collins.

95. Officer Potters and officer Andrew Collins actions violated the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, including protection against unlawful search and seizure, false arrest, and due process violations.

96. The Groton police department and officer Potters and officer Andrew Collins failure to properly investigate the incident, reliance on false statements, and attempt to prosecute the Plaintiff without legitimate evidence demonstrate gross negligence, civil rights violations, and a reckless disregard for justice.

97. As a direct result of the false arrest and wrongful prosecution, the Plaintiff has suffered emotional distress, reputational harm, financial losses, and unnecessary legal burdens.

98.  The Plaintiff seeks full accountability for the officers involved and demands appropriate legal remedies for the harm inflicted.

99. Plaintiffs' name and address was posted in new papers and in online media outlets and I was accused of carry several firearm, discharging a firearm in public, terrorizing children with a firearm .

100.    Plaintiff's 15-year-old son was also interrogated by police, officer Potters accused

Plaintiff of having my 15 year old son of aiding Plaintiff in terrorizing children.

101.    Detective Andrew Collin and Potter came in the picture after the plaintiff was

arrest and at the police department.

102.    Officer Potter informed me that "You was punched in the eye because you pulled

a gun out on Children and the public and discharge several shots".

103.    When plaintiff was bailed out the Plaintiff went to the emergency room because

he had migraine headaches.

104.    Plaintiff was diagnosed with a concussion , PTSD resulting from Defendant's

Dustin and Damons assaulting the plaintiff.

105.    The Groton Police Intentional detained and restraint the Plaintiff against his will.

106.    The Groton Police Detention occurred without legal justification or probable

cause.

107.    Plaintiff suffered damages as a result of the Groton Police unlawful arrest.

108.    Several weeks later the plaintiff returned to the Groton Police Department again

to file charges on Damon & Dustin but was told by the police that I was not able to file a

report against Damon and Dustin as it would be double Jeopardy.

109.    The Groton police department dropped all charges against defendant Dustin.

110.    Defendant 32 Sports Inc. James and Matt failed to implement a safe zone for their

sports function.

111.    Defendants 32 Sports Inc., James Lawrence, and Matt Lawrence, as event

organizers, had a duty of care to provide a safe environment for participants and

attendees, which they failed to fulfill.

112.     Defendants 32 Sports Inc. James and Matt, as event organizers, had a legal obligation to foresee potential risks, including assaults, and take reasonable steps to prevent them, which they failed to do.

113.     Defendants Defendant 32 Sports Inc. James and Matt as event organizers, neglected to conduct a proper risk assessment for the event on the day plaintiff was assaulted.

114.     Defendants 32 Sports Inc. James and Matt as event organizers there was insufficient security presence or lack of measures to prevent physical altercations.

115.     Defendants 32 Sports Inc. James and Matt as event organizers failed to implement guidelines or communication about zero tolerance for violence and harassment.

116.     Defendants 32 Sports Inc. James and Matt failure to establish a safe zone and the incidents of assault caused plaintiff harm and injuries.

117.     Defendants 32 Sports Inc. James and Matt **had no** visible security, designated safe zones, and trained staff, which could have prevented the plaintiff from being assaulted by defendant Dustin.

118.     Defendants 32 Sports Inc. James and Matt failed to foresee that the risk of assault was foreseeable at 32 sports inc. function, particularly from past incidents or similar events suggest a pattern of Defendants 32 Sports Inc. James and Matt behavior.

119.     Defendants 32 Sports Inc. James and Matt failed to create well-marked, monitored areas with supervision that could have deterred the defendant Dustin from assaulting the plaintiff.

120.     Defendants 32 Sports Inc. James and Matt failed **to take preventive Measures** like crowd control, proper lighting, and surveillance.

121.    Defendants 32 Sports Inc. James and Matt as organizers were aware, or should have been aware, of their duty to create a safe space during their sports function.

122.    This duty extends to anticipating potential risks, such as the possibility of physical altercations or assaults, especially in high-energy environments like sports events.

123.    Defendants 32 Sports Inc. James and Matt as organizers neglected to evaluate or identify foreseeable dangers (crowd behavior, high emotions in sports settings).

124.    Defendants 32 Sports Inc. James and Matt failed to hire enough security personnel or did not station staff in critical areas where conflicts might arise.

125.    Defendants 32 Sports Inc. James and Matt failed to provide visible signage, announcements, or procedures were in place to deter violent behavior or guide attendees to safety zones.

126.    If  Defendants 32 Sports Inc. James and Matt had implemented standard safety protocols, the assaults could have been prevented.

127.    Defendants 32 Sports Inc. James and Matt inaction directly contributed to creating an unsafe environment, making the assault on plaintiff from defendant Dustin more likely as he knew where all staff was and that there was no safety zone, security, police, or signage for plaintiff to get help.

128.    Defendants 32 Sports Inc. James, Matt, Damon and Dustin caused plaintiffs injuries and is responsible for his hospital bills and emotional distress.

129.    In a sports function, heightened emotions and rivalries are common, making the risk of altercations foreseeable. Previous incidents at similar events, if any, would have further indicated the need for preventive measures.

130.    Plaintiff experienced physical and emotional harm due to the assault from Defendants Damon and Dustin.

131.    Defendants 32 Sports Inc., James and Matt failed under Industry standards for sports functions include visible security, crowd management, and designated safety zones.

132.    Defendants 32 Sports Inc. James and Matt James deviated from these standards, demonstrating negligence.

133.    I went to the Groton police department record division several weeks after my arrest and filed a body worn camera request form and a police report request form.

134.    The female sergeant informed me that I would have to wait until officer Andrew Collins comes in I have just called him he is at home he lives around the corner he will be right here and you can give the request forms to him not the Groton Police records department.

135.    I found that odd as another person had filed a request with the Groton police records department.

136.    Officer Potter requested the video of defendant Dustin assaulting me several weeks later I sent Officer Potter the video.

137.    The Groton police officer Andrew and  Potter refused to allow plaintiff to file a police report on Dustin or Damon Hibbert for assault and battery several weeks later.

138.    Officer Potter left a voicemail on my cell phone and stated that since he now have seen the video of defendant Dustin Punching me in the face without cause Dustin's charges will be upgraded.

139.    The next few week defendant Dustin charges were dropped all together.

140.    Approximately 25 minutes later officer Andrew Collins and the female sergeant walked back into the waiting room.

141.    Officer Andrew Collins stated he wanted to talk to me in an intimidating fashion about the incident.

142.    I then informed officer Andrew Collins that I and my uncle came from Massachusetts to file these forms to receive a copy of the Body worn footage and police report (Incident report).

143.    Officer Andrew Collins took the paperwork and read it and then informed me that I couldn't get a copy of the Body worn footage or police report and that my attorney could only get it.

144.    I then informed him that it was available to the public if I filled out the proper forms he then continued that he wanted to talk about the incident first I told him my attorney told me not to talk to anyone unless he was present.

145.    Officer Andrews then informed me that he wanted to see the footage of defendant Dustin assault me I showed him and he then stated that the video does not prove that I didn't have several guns on my possession.

146.    I then demanded that the Groton police record department except my record request form so that a copy can be mailed, faxed or given to me and that I would not talk about the incident any longer.

147.    Officer Andrew Collins and a female sergeant stated that I cannot apply to receive a copy of the body worn footage but they can only give me a heavy redacted police report.

148.    The police report was given to me with 85% of everything redacted.

149.    Defendant Officer Andrew Collins and a female stated I would have to go to court and request unredacted copies or through my attorney.

150.    On May 31, 2024, a female clerk from the Groton Police Records division called me and left a voicemail on my cell phone which stated, " that I know you request an unredacted police report (Incident report) of your arrest and at this time Mr. Stroll the police specialist  are not going to release an unredacted copy to you at this time,  if you want a copy you have to have your attorney request it".


## CAUSES OF ACTION

### COUNT I – Assault and Battery

### DEFENDANTS MATT LAWRENCE, JAMES LAWRENCE,

### 32  PORTS.INC, DAMON &  DUSTIN HIBBERT

151.    Plaintiff realleges and incorporates by reference the allegations contained in this verified complaint.

152.    Defendants Damon and Dustin intentionally struck Plaintiff with a closed fist, and feet causing physical harm and emotional distress.

153.    Defendant 32 Sports Inc, Matt and James Lawrence deviated from visible security, crowd management, and designated safety zones the standards, demonstrating negligence, and caused plaintiff to be assaulted.

154.    Defendants 32 Sports Inc. James and Matt failed to hire enough security personnel or did not station staff in critical areas where conflicts might arise.

155.    Defendants 32 Sports Inc. James and Matt failed to provide visible signage, announcements, or procedures were in place to deter violent behavior or guide attendees to safety zones.

156.     If Defendants 32 Sports Inc. James and Matt had implemented standard safety
protocols, the assaults could have been prevented.

157.     Defendants 32 Sports Inc. James and Matt inaction directly contributed to creating
an unsafe environment, making the assault on plaintiff from defendant Dustin more likely
as he knew where all staff was and that there was no safety zone, security, police, or
signage for plaintiff to get help.

158.     Defendants 32 Sports Inc. James and Matt caused plaintiffs injuries and is
responsible for his hospital bills and emotional distress.

159.     As a direct and proximate result of Defendant's Matt, James inactions, Caused the
Plaintiff to suffered physical injuries, including a concussion, and severe emotional
distress.

160.     Defendants Damon and Dustin actions of assaulting the plaintiff with closet fist
and feet and a stick caused Plaintiff to suffered physical injuries, including a concussion,
and severe emotional distress.

## COUNT II

## VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A

### (Unfair and Deceptive Trade Practices)

### DEFENDANTS: 32 SPORTS INC., JAMES LAWRENCE, MATT LAWRENCE, DAMON HIBBERT, DUSTIN HIBBERT, ANDREW COLLINS

136.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this
Complaint as if fully stated herein.

137.     At all relevant times, Defendants 32 Sports Inc., James Lawrence, and Matt
Lawrence (collectively, "Organizational Defendants") organized, managed, and hosted a
sports event attended by the Plaintiff and other participants.

138.     As organizers of the event, the Organizational Defendants 32 Sports Inc, Matt and
James Lawrence were engaged in trade or commerce within the meaning of
Massachusetts General Laws Chapter 93A.

139.    The Organizational Defendants 32 Sports Inc, Matt and James Lawrence owed a duty to the Plaintiff and all attendees to provide a reasonably safe environment free from foreseeable harm, including physical assault.

140.    Defendants Damon Hibbert and Dustin Hibbert intentionally assaulted the Plaintiff, causing physical harm and emotional distress.

141.    The Organizational Defendants 32 Sports Inc, Matt and James Lawrence breached their duty by failing to implement standard safety protocols, including:

a. Hiring adequate security personnel;

b. Stationing staff in critical areas where conflicts might arise;

c. Providing visible signage, announcements, or procedures to deter violent behavior or guide attendees to safety zones.

142.    This negligence created an unsafe environment, directly contributing to the assault on the Plaintiff by Defendants Damon and Dustin Hibbert.

143.    The actions and inactions of all Defendants 32 Sports Inc, Matt and James Lawrence , Damon and Dustin constitute unfair and deceptive acts or practices in violation of Massachusetts General Laws Chapter 93A, Section 2.

144.    As a direct and proximate result of Defendants' 32 Sports Inc, Matt and James Lawrence , Damon and Dustin unfair and deceptive acts or practices, the Plaintiff suffered physical injuries, emotional distress, and incurred medical expenses.

145.    Pursuant to Massachusetts General Laws Chapter 93A, Section 9, the Plaintiff is entitled to recover actual damages, or up to three times the actual damages if the court finds that the violations were willful or knowing, as well as attorneys' fees and costs.

146.    Defendant Andew Collin refused to allow me to submit a records request for copies of the body worn footage and an unredacted police report.

147.    Defendant Andew Collin interfered with me submitting a request for body worn video footage and an unredacted police report.

## COUNT III

## NEGLIGENCE – BREACH OF DUTY OF CARE

## DEFENDANTS MATT LAWRENCE, JAMES LAWRENCE,

## 32  PORTS.INC, DAMON, DUSTIN HIBBERT & ANDREW COLLINS

146.       Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully stated herein.

147.       At all relevant times, Defendants 32 Sports Inc., Matt, and James, (collectively, "Defendants") organized, managed, and hosted a sports function attended by the Plaintiff and other participants.

148.       As organizers of the event, Defendants 32 Sports Inc, Matt and James owed a duty of care to the Plaintiff and all attendees to provide a reasonably safe environment free from foreseeable harm, including physical assault.

149.       The duty of care required Defendants 32 Sports Inc, Matt and James to adhere to industry standards for event safety, which include:

a. Visible security to deter and address potential conflicts;

b. Effective crowd management strategies to maintain order; and

c. Designated safety zones for attendees to seek refuge or assistance during emergencies.

150.       Defendants breached their duty of care by:

a. Failing to provide adequate visible security personnel;

b. Neglecting to implement crowd management protocols appropriate for the size and nature of the event;

c. Omitting to establish or publicize designated safety zones to protect attendees; and

d. Otherwise failing to take reasonable steps to ensure the safety of attendees.

151.       The breach of duty by Defendants directly and proximately caused harm to the Plaintiff, who was assaulted during the event due to the lack of reasonable safety measures.

152.     Defendants 32 Sports Inc., James Lawrence, and Matt Lawrence failed to implement standard safety protocols, including hiring adequate security personnel and providing clear signage or procedures to deter violent behavior. This negligence directly contributed to an unsafe environment, leading to the assault on the Plaintiff by Defendant Dustin Hibbert. Consequently, the Defendants are responsible for the Plaintiff's injuries, hospital bills, and emotional distress.

153.     As a result of Defendants' negligence, Plaintiff suffered physical injuries, emotional distress, and other damages.

154.     Defendant Andew Collin refused to allow me to submit a records request for copies of the body worn footage and an unredacted police report.

155.     Defendant Andew Collin interfered with me submitting a request for body worn video footage and an unredacted police report.

# COUNT IV

## DEFAMATION

### DEFENDANTS: DAMON HIBBERT, DUSTIN HIBBERT, GROTON POLICE DEPARTMENT

154.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this verified complaint.

155.     Defendants Damon and Dustin Hibbert knowingly and maliciously made false statements by loudly proclaiming that the Plaintiff possessed a firearm during the event.

156.     These false statements were communicated to law enforcement officers and others present, leading to the Plaintiff's arrest by the Groton Police Department.

157.     The Groton Police Department, acting on the false information provided by Damon and Dustin Hibbert, arrested and charged the Plaintiff with firearm possession without conducting a proper investigation to verify the claim.

158.     As a result of these false accusations, the Plaintiff was subjected to a bail amount of $20,000, imposed based on unsubstantiated evidence and hearsay.

159.     The false statements made by Damon and Dustin Hibbert, and the subsequent actions of the Groton Police Department, were defamatory, causing harm to the Plaintiff's reputation, emotional distress, and other damages.

160.     As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered, and continues to suffer, significant damages, including but not limited to reputational harm, emotional distress, legal expenses, and other related damages.

**Count V**

**Malicious Prosecution (42 U.S.C. § 1983 & Connecticut Common Law)**

**GROTON POLICE & ITS OFFICERS ANDREW COLLINS & OFFICER POTTERs**

161.     Plaintiff realleges and incorporates by reference all preceding paragraphs of this verified complaint.

162.     The Groton Police Department initiated and pursued criminal charges against the Plaintiff without probable cause, specifically charging him with possession of a firearm despite no evidence supporting such an allegation.

163.     The police acted with malice and a reckless disregard for the truth, fabricating charges and failing to conduct a proper investigation.

164.     The prosecution was not based on any factual evidence but was instead an effort to justify the wrongful arrest of the Plaintiff.

165.     The malicious prosecution has caused Plaintiff substantial harm, including legal expenses, emotional distress, and reputational damage.

166.     The continuation of these baseless charges against Plaintiff constitutes an abuse of the criminal justice system and violates his constitutional rights.

167.     The Groton Police and police officer Andrews and Potter refused to allow plaintiff to file a police report against defendant Damon and Dustin.

168.    The Groton Police and police officer Andrew and Potter refused to allow The

commencement or continuation of a criminal proceeding by the Defendant.

169.    The Groton Police and police officer Andrews and Potter had Lack of probable

cause for the proceeding but proceeded anyway.

170.    The Groton Police and police officer Andrew and Potter acted with Malice and

improper purpose in initiating the proceeding.

171.    The Groton Police and police officer Andrews and Potter instituted Favorable

termination of the criminal proceeding against defendant Dustin.

172.    Plaintiff suffered damages as a result of the defendants the Groton Police and

police officer Andrews and Potter prosecution.

173.    Defendant Andew Collin refused to allow me to submit a records request for

copies of the body worn footage and an unredacted police report.

174.    Defendant Andew Collin interfered with me submitting a request for body worn

video footage and an unredacted police report.


# COUNT VI

## Abuse of Process

## GROTON POLICE & ITS OFFICERS
## ANDREW COLLINS & OFFICER POTTER

168.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this

verified complaint.

169.    Defendants, Groton police dept., Andew Collin and Potters acting under color of

law, misused the legal system to unlawfully arrest and prosecute the Plaintiff for an

offense he did not commit.

170.    The Groton police dept., Andew Collin and Potters knowingly engaged in an improper use of legal procedures to justify their wrongful actions, constituting abuse of process under Connecticut law.

171.    The Groton police dept., Andew Collin and Potters failed to follow standard protocols in conducting their investigation, instead using their authority to unlawfully detain and prosecute Plaintiff.

172.    The Groton police dept., Andew Collin and Potters misuse of the legal process resulted in unnecessary legal burdens, including court proceedings and defense costs, creating undue hardship for the Plaintiff.

173.    Defendant Groton police dept., Andew Collin and Potters refused to allow me to submit a records request for copies of the body worn footage and an unredacted police report.

174.    Defendant Groton police department and Andew Collin Use of legal process in an improper or wrongful manner.

175.    Defendant Groton police department and Andew Collin had an ulterior or improper motive behind the use of process when dealing with the plaintiff.

176.    Defendant Groton police department Andew Collin and Potters misuse of legal process caused the plaintiff to suffer damages to the misuse of legal process.

177.    Defendant The Groton police dept., Andew Collin and Potters refused to allow me to submit a records request for copies of the body worn footage and an unredacted police report.

178.    Defendant Groton police dept., Andew Collin and Potters interfered with me submitting a request for body worn video footage and an unredacted police report.

## COUNT VII

### Common Law, **Negligent Hiring, Training, and Supervision**

### **GROTON POLICE & ITS OFFICERS ANDREW & POTTER, MATT,JAMES & 32 SPORTS INC.**

174.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this verified complaint.

175.    The Defendants Groton Police Department ,Andrew Collins and Potter and 32 Sports Inc. Matt and James Lawrence failed to properly train and supervise its officers, allowing constitutional violations and misconduct to occur.

176.    The Groton Police Department's ,Andrew Collins and Potter failure to enforce proper investigative procedures and prevent false arrests constitutes gross negligence.

177.    The Defendant Groton Police Dept., officer Andrew Collins and officer Potter involved in the wrongful arrest and prosecution lacked the necessary training and oversight to perform their duties lawfully and ethically.

178.    The Groton Police Dept. officer Andrew Collins and officer Potter ,32 Sports Inc., Matt, Jame, Dustin and Damon failure to take corrective action contributed to the widespread disregard for Plaintiff's rights.

179.    The Groton Police Dept. officer Andrew Collins and officer Potter, 32 Sports Inc., Matt, Jame, Dustin and Damon Employer had a duty to properly hire, train, and supervise employees.

180.    The Groton Police Dept. officer Andrew Collins and officer Potter, 32 Sports Inc., Matt, Jame, Dustin and Damon Employer breached that duty by failing to ensure adequate training and oversight.

181.    The Groton Police Dept. officer Andrew Collins and officer Potter , 32 Sports Inc., Matt, Jame, Dustin and Damon breach resulted in harm to Plaintiff.

182.    The Groton Police Dept. officer Andrew Collins and officer Potter, 32 Sports Inc., Matt, Jame, Dustin and Damon failed to exercise due diligence in hiring, training, and supervising their employees, including Defendant Dustin Hibbert.

183.    This negligence of The Groton Police Dept. officer Andrew Collins and officer
Potter , 32 Sports Inc., Matt, Jame, Dustin and Damon led to misconduct and violations
of attendees' rights during the event.

184.    The Groton Police Dept. officer Andrew Collins and officer Potter , 32 Sports
Inc., Matt, Jame, Dustin and Damon lack of proper training and oversight allowed
employees to engage in actions that caused harm to the Plaintiff.

185.    The Groton Police Dept. officer Andrew Collins and officer Potter , 32 Sports
Inc., Matt, Jame, Dustin and Damon failure to implement corrective measures contributed
to an environment where the Plaintiff's rights were disregarded.

186.    The Groton Police Dept. officer Andrew Collins and officer Potter , 32 Sports
Inc., Matt, Jame, Dustin and Damon had a duty to properly hire, train, and supervise
employees and breached that duty by failing to ensure adequate training and oversight.
This breach resulted in harm to the Plaintiff.

187.    The Groton Police Dept. officer Andrew Collins and officer Potter, 32 Sports Inc.,
Matt, Jame, Dustin and Damon failed to uphold their responsibilities in hiring, training,
and supervising their staff, they created conditions that led to the Plaintiff's injuries

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

## GROTON POLICE & ITS OFFICERS ANDREW & POTTER, MATT,JAMES, 32 SPORTS INC. DUSTIN & DAMON

188.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this
verified complaint.

189.    The actions of the Groton Police Department ,Andrew and Potter, 32 Sports Inc,
Damon were extreme and outrageous, deliberately subjecting Plaintiff to humiliation,
distress, and reputational harm.

190.    The wrongful arrest and baseless charges caused severe emotional trauma, mental anguish, and undue stress to the Plaintiff by the Groton Police Department ,Andrew and Potter.

191.    The Groton Police Department, officers Andrew and Potter involved acted with reckless disregard for the Plaintiff's well-being, demonstrating deliberate indifference to the harm caused.

193.    The Groton Police Dept. Andrew and Potter  , 32 Sports Inc., Matt, Jame, Dustin and Damon engaged in extreme and outrageous conduct.

194.    The Groton Police Dept. Andrew and Potter, 32 Sports Inc., Matt, Jame, Dustin Conduct was intentional or reckless.

195.    The Groton Police Dept. Andrew and Potter, 32 Sports Inc., Matt, Jame, Dustin and Damon Conduct caused severe emotional distress to Plaintiff.

## COUNT IX

### Civil Conspiracy to Violate Civil Rights

### GROTON POLICE & ITS OFFICERS ANDREW & POTTER, MATT,JAMES & 32 SPORTS INC.

196.    Plaintiff realleges and incorporates by reference all preceding paragraphs of this verified complaint.

197.    Members of the Groton Police Department officers Andrew and Potter conspired to falsely arrest and prosecute the Plaintiff to justify their unlawful actions.

198.    The Groton Police Department and its  officers Andrew and Potter coordinated misconduct resulted in severe violations of the Plaintiff's constitutional rights, warranting legal consequences.

199.     The Groton Police Department and its officers Andrew and Potter collaborated in fabricating charges, withholding evidence, and obstructing justice to further their wrongful prosecution of the Plaintiff.

200.     The Groton Police Department and its officers Andrew and Potter Matt, James, Dustin and Damon **had :**

a. Agreement between two or more persons to engage in an unlawful act.

b. Intent to commit an illegal act or legal act by unlawful means.

c. Overt acts committed in furtherance of the conspiracy.

d. Plaintiff suffered damages as a result.

### COUNT X

### FALSE ARREST / IMPRISONMENT

### GROTON POLICE DEPARTMENT & ITS OFFICERS ANDREW & POTTER

198.     Plaintiff realleges and incorporates by reference the allegations contained in this verified complaint.

199.     On or about May 11, 2024, the Groton Police Department arrested Plaintiff based on false allegations that he possessed a firearm and was shooting during a youth flag football event.

200.     The arrest was made without probable cause, as the Plaintiff did not possess a firearm, and the officers Andrews and Potters failed to conduct a reasonable investigation to verify the claims before proceeding with the arrest.

201.     The Groton Police department and officers Andrew Collins and Potters continues pursue false charges of carrying a firearm in public, firing a firearm without a license and assaulting individuals after defendants know that plaintiff was assaulted and never had a firearm of shoot a firearm in public harming children.

202.    As a result of this arrest, the Plaintiff was wrongfully detained and deprived of his liberty, constituting false imprisonment and suffered financially from The Groton Police department and officers Andrew Collins and Potters actions.

203.    The actions of the Groton Police Department, Andrews & Potter were willful, reckless, and in disregard of the Plaintiff's rights, causing him to suffer damages including emotional distress, reputational harm, and financial losses.

204.    Defendant's Damon and Dustin false statements led to Plaintiff's wrongful arrest, imprisonment, and criminal charges.

205.    After the Groton Police department and officer Andrew Collins and Potters discovered that the plaintiff was assaulted by the defendant Dustin by viewing direct evidence by video the officers dropped all assault charges on defendant Dustin.

206.    Plaintiff was detained without probable cause, resulting in significant harm when defendant Dustin assaulted the plaintiff.

207.    Despite clear evidence that the Plaintiff was the victim of an assault, officers Andrews & Potter arrested me the plaintiff instead of the actual perpetrators Defendant Dustin and Damon.

208.    Defendant's Groton Police Dept., Andrews & Potter , 32 Sports Inc., Damon and Dustin conduct was extreme, outrageous, and intended to cause, or recklessly disregarded the probability of causing severe emotional distress to Plaintiff and his son.

209.    The wrongful arrest deprived Plaintiff of his liberty without justification, violating his Fourth and Fourteenth Amendment rights under the U.S. Constitution and Connecticut law.

210.    As a direct result, Plaintiff has suffered severe emotional distress from the false accusations and arrest and suffered emotional distress, reputational harm, and financial loss.

211.    The arrest was made without an adequate investigation by officer Andrew Collins and Potter, as the officers failed to interview key witnesses or review exculpatory evidence, further demonstrating their reckless disregard for the truth.

## COUNT XI

## Malicious Prosecution

## (42 U.S.C. § 1983 & Connecticut Common Law)

## DEFENDANTS GROTON POLICE DEPT., ANDREW COLLINS & POTTER

212.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

213.    The Groton Police Department ,Andrew Collins & Potter initiated and pursued criminal charges against the Plaintiff without probable cause, specifically charging him with possession of a firearm despite no evidence supporting such an allegation.

214.    The Groton Police Department ,Andrew Collins & Potter acted with malice and a reckless disregard for the truth, fabricating charges and failing to conduct a proper investigation.

215.    The Groton Police Department ,Andrew Collins & Potter prosecution was not based on any factual evidence but was instead an effort to justify the wrongful arrest of the Plaintiff.

216.    The Groton Police Department ,Andrew Collins & Potter malicious prosecution has caused Plaintiff substantial harm, including legal expenses, emotional distress, and reputational damage and several jobs.

217.    The Groton Police Department ,Andrew Collins & Potters continuation of these baseless charges against Plaintiff constitutes an abuse of the criminal justice system and violates the plaintiffs constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants 32 Sports Inc, Matt, James, Dustin, Damon ,the Groton Police Department Officer Andrew Collins & Officer Potter as follows:

1. Find Defendants 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter breached their duty of care by failing to implement industry-standard safety measures, including visible security, adequate crowd management, and designated safety zones, thereby causing harm to the Plaintiff.

2. Award Damages to the Plaintiff compensatory damages for the physical, emotional, and psychological harm suffered due to the Defendants' 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter negligence in an amount to be determined at trial.

3. Award Punitive Damages in an amount to be determined at trial and to deter future misconduct against 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter.

4. Grant Further Relief as Deemed Just and Proper: Provide any additional relief this Court considers necessary and equitable in the interest of justice against defendants 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter.

5. For costs, attorneys' fees, and interest as permitted by law against 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter.

6. For such other relief as the Court deems just and proper against32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter.

7. Declaratory relief affirming the violations of Plaintiff's Civil Rights against defendants 32 Sports Inc, Matt, James, Dustin, Damon the Groton Police Department Officer Andrew Collins & Officer Potter.

8. Injunctive relief mandating policy changes within the Groton Police Department and Civil Rights training for Officer Andrew Collins & Officer Potter.

9. Any further relief the Court deems just and proper against 32 Sports Inc, Matt, James, Dustin, Damon Officer Andrew Collins & Officer Potter.

## JURY DEMAND

Plaintiff Randall Clark demands a trial by jury on all issues so triable.

Respectfully submitted,

Randall Clark                                    Date: February 12, 2025

122 Sharon Street

Medford, Ma  02155

rjcconsolidate@gmail.com

508-371-5287

## VERIFICATION OF COMPLAINT AND CERTIFICATION

## STATE OF MASSACHUSETTS

I, Randall Clark, declare under penalty of perjury that the facts stated in the foregoing complaint are true and correct to the best of my knowledge. I am over 21 years of age and have firsthand knowledge of the events described, including the assault by the defendants and my wrongful incarceration by the Groton Connecticut Police Department on or about May 11, 2024.

Pursuant to **28 U.S.C. § 1746(2),** I hereby certify under penalty of perjury that the foregoing is true and correct.

Randall Clark                                        Date: February 12, 2025

122 Sharon Street

Medford, Ma  02155

rjcconsolidate@gmail.com

508-371-5287