UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RANDALL CLARK, )<br><br>Plaintiff, )<br><br>v. )<br><br>32 SPORTS INC., et al., )<br><br>Defendant. ) | Civil Action No. 25-cv-10380-LTS |

ORDER OF TRANSFER

February 24, 2025

SOROKIN, D.J.

On February 13, 2025, pro se plaintiff Randall Clark filed a civil complaint concerning alleged events that occurred in Groton, Connecticut in May 2024. Clark represents that he resides in Massachusetts and that all the defendants reside in Connecticut. For the reasons set forth below, the Court will order that this action be transferred to the United States District Court for the District of Connecticut, where venue is proper.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Leroy v. Great W. United Corp., 443 U.S. 173, 183–84 (1979). "[T]he venue statutes reflect Congress' intent that venue should always lie in some

federal court whenever federal courts have personal jurisdiction over the defendant." Atlantic

Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas, 571 U.S. 49, 56 (2013).

The general venue statute provides that a civil action may be brought in:
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in

which the district is located; (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of

the action is situated; or (3) if there is no district in which an action may otherwise be brought as

provided in this section, any judicial district in which any defendant is subject to the court's

personal jurisdiction with respect to such action.
28 U.S.C. § 1391(b).

Under the alleged facts of this case, this statute does not provide venue in the District of

the Massachusetts.  Subsection (1) is inapplicable because the defendants are not residents of

Massachusetts.  Subsection (2) does not support venue in this Court because the events giving

rise to Clark's claims did not occur in Massachusetts.  Because venue exists in the District of

Connecticut, subsection (3) is irrelevant.  Further, nothing in the complaint suggests that this

Court could exercise personal jurisdiction over any of the defendants.

Accordingly, pursuant to 28 U.S.C. § 1406, the Court hereby orders that the Clerk

TRANSFER this action to the United States District Court for the District of Connecticut.

Whether Clark should be permitted to proceed without prepayment of fees is a determination to

be made by the transferee court.

SO ORDERED.

 /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

2